IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FIRSTMERIT BANK, N.A.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 8809 |
| | ) | |
| **TIMOTHY T. BALIN, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff FirstMerit Bank, N.A.'s (FirstMerit) motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

# BACKGROUND

FirstMerit alleges that in December 2009, in accordance with a loan agreement (Loan Agreement), Midwest Bank and Trust Company (Midwest) agreed to loan Home Acquisitions, Inc. (HAI) $742,399.67 (Loan). In exchange for the Loan, HAI allegedly executed and delivered to Midwest a Promissory Note (Note). To secure

the Note, Defendant Timothy T. Balin (T. Balin), Defendant Gilbert Balin (G. Balin), and Defendant Jonathan Smith (Smith) allegedly each executed a guaranty, agreeing "absolutely and unconditionally" to guarantee full payment on the Note (collectively referred to as "Guaranties"). (Compl. Par. 12). Defendants also allegedly consented to two subsequent amendments of the Note. In May 2010, pursuant to an agreement with the Federal Deposit Insurance Corporation (FDIC), as receiver of Midwest, FirstMerit became the successor to Midwest and the lawful owner and holder of the Note, Loan Agreement, and Guaranties. HAI allegedly failed to make the necessary payment due under the Loan in October 2011, and HAI has allegedly refused to make any further payment on the Loan. As of June 12, 2012, HAI allegedly still owes $425,016.33 on the Note. FirstMerit contends that Defendants have failed to pay the outstanding debt owed under the Note and that Defendants have failed to honor their obligations under the Guaranties. FirstMerit includes in its complaint a breach of guaranty claim brought against T. Balin (Count I), a breach of guaranty claim brought against G. Balin (Count II), and a breach of guaranty claim brought against Smith (Count III). FirstMerit now moves for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

FirstMerit argues that there are no genuinely disputed material facts relating to the liability of Defendants or the amount of damages owed by Defendants.

I. Local Rule 56.1

FirstMerit filed a statement of material facts pursuant to Local Rule 56.1, and Smith has filed a statement of additional facts pursuant to Local Rule 56.1.

A. FirstMerit's Statement of Material Facts

None of Defendants have filed any response to FirstMerit's statement of material facts. Therefore, pursuant to Local Rule 56.1, all facts in FirstMerit's statement of material facts are deemed to be undisputed. LR 56.1; *see also Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012)(stating that "[t]he obligation set forth in Local Rule 56.1 is not a mere formality," and that "[i]t follows from the obligation imposed by Fed.R.Civ.P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial")(internal quotations omitted)(quoting *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994)); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008)(stating that a "district court has broad discretion to require strict compliance with Local Rule 56.1"). Therefore, it is undisputed in this case that: (1) HAI executed the Note in which HAI promised to pay Midwest the principal amount of $742,399.67 (SF Par. 12), (2) that Defendants executed the Guaranties, promising absolutely and unconditionally to honor HAI's obligations on

4

the Note and that Defendants consented to amendments of the Note (SF Par. 16-24), (3) that HAI has not honored its obligations under the Note and that as of June 12, 2012, HAI owed $425,016.33 (SF Par. 27, 37), and (4) that after a demand for payment from Defendants, Defendants have failed to pay the outstanding debt owed on the Note. (SF Par. 33-36). Defendants also do not dispute that they agreed to reimburse FirstMerit for all attorneys' fees and costs related to collecting monies owed by Defendants. (SF Par. 25).

### B. Smith's Statement of Additional Facts

Smith filed a statement of additional facts, and although FirstMerit did not file a response, several of the paragraphs listed in Smith's statement of additional facts fail to comply with Local Rule 56.1 and are thus not deemed to be undisputed. For example, in paragraph 3 of Smith's statement of additional facts (Paragraph 3), Smith contends that "[t]he amount disputed totals $64,825.61." (S SAF Par. 3). However, Smith's conclusory statement as to the amount he believes is in dispute is not appropriately included in a statement of material facts. Pursuant to Local Rule 56.1, a statement of material facts must be supported by admissible evidence. LR 56.1. Smith merely cites in Paragraph 3 to paragraph 4 of his attached declaration (Smith Declaration). In the Smith Declaration, Smith offers nothing more than conclusory

statements that certain fees were "not a correct charge nor charged by First Midwest Bank." (Smith Decl. Par. 4). Smith does not reference any supporting facts or other evidence in paragraph 4 of his declaration to support his conclusory statements. FirstMerit has pointed to ample evidence to justify its damages calculations, and a reasonable jury could not discount such evidence based solely on Smith's unsubstantiated personal opinion as to the proper amount of damages. Paragraph 3 thus fails to comply with Local Rule 56.1.

Smith argues in paragraph 4 of his statement of additional facts (Paragraph 4), that the declaration by Thomas Maxwell (Maxwell Declaration) is not sufficient to authenticate certain business records presented by FirstMerit and that such evidence is inadmissible. A statement of material facts filed pursuant to Local Rule 56.1 provides a litigant with an opportunity to present the court with the facts in a case. Smith, however, presents the court with a legal argument as to the admissibility of evidence in Paragraph 4, which is improper under Local Rule 56.1. *See Judson*, 529 F.3d at 382 n.2 (stating that "[i]t is inappropriate to make legal arguments in a Rule 56.1 statement of facts"). Thus, Paragraph 4 fails to comply with Local Rule 56.1.

## II. Maxwell Declaration

Defendants argue that the Maxwell Declaration is not sufficient to authenticate

certain business records and documents of Midwest. As indicated above, Defendants had the opportunity, pursuant to Local Rule 56.1, to dispute the amounts set forth in FirstMerit's statement of material facts and to cite to admissible evidence that Defendants could present at trial to support their position. As indicated above, however, Defendants failed to properly dispute the amounts set forth by FirstMerit in its statement of material facts. Thus, Defendants have admitted, pursuant to Local Rule 56.1, that the amounts set forth by FirstMerit are accurate.

The court notes that even if Defendants had not made such an admission, the Maxwell Declaration is sufficient to authenticate the business records and documents in question. Defendants argue that the business records and documents belonged to Midwest and that Thomas Maxwell, who works for FirstMerit, cannot authenticate the records of Midwest, a third party. Federal Rule of Evidence 803(6) (Rule 803(6)) provides the following:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: . . . (6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if: (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6); *see also United States v. Reese*, 666 F.3d 1007, 1017 (7th Cir. 2012)(stating that "[a] qualified witness need not be the author of the document but must have personal knowledge of the procedure used to create and maintain the document"). The record reflects that although Maxwell did not work for Midwest and was not a custodian of Midwest's records, Maxwell would constitute a qualified witness since the records of Midwest became FirstMerit's records as the successor bank. *See United States v. Jakobetz*, 955 F.2d 786, 801 (2nd Cir. 1992)(stating that "[e]ven if the document is originally created by another entity, its creator need not testify when the document has been incorporated into the business records of the testifying entity"). In addition, other courts have held that a successor bank that has acquired a failed bank through the FDIC can satisfy Rule 803(6) with the declaration of an employee of the successor bank. *See, e.g., U.S. Bank Nat. Ass'n v. American Screw & Rivet Corp.*, 2010 WL 3172772, at *3 (N.D. Ill. 2010)(holding that witness from successor bank could authenticate records of bank that went into receivership); *Krawczyk v. Centurion Capital Corp.*, 2009 WL 395458, at *5 (N.D. Ill. 2009)(indicating that a bank can rely on its predecessor's business records and that "[u]ltimately, the primary emphasis of Rule 803(6) is on the reliability or trustworthiness of the records sought to be introduced"). As Defendants

acknowledge themselves, a district court has discretion in assessing the ultimate trustworthiness of a document that contains hearsay. (Ans. Mem. 2). In this case, there is sufficient evidence to show that the business records and documents of Midwest relied upon by FirstMerit to calculate the amounts owed are trustworthy and reliable documents. Defendants have failed to present any evidence other than their unsupported personal opinions to call into doubt the accuracy or trustworthiness of the business records and documents.

Also, as FirstMerit correctly points out, under the standard advocated by Defendants, it would be extremely difficult for a successor bank to recover debt owed to a failed bank, as in the instant action, since the custodian of the failed bank's records may no longer be able or willing to participate in efforts to recover debts owed to the bank that went into receivership. Such a standard would inhibit the FDIC in its receivership role when it must find solvent banks to take over insolvent banks. Based on the above, the Maxwell Declaration is sufficient to authenticate the Midwest business records and documents relied upon by FirstMerit.

III. Fees

Defendants also argue that certain fees included in the amount owed, as calculated by FirstMerit, are improper. However, again, as indicated above,

9

Defendants admit, pursuant to Local Rule 56.1, that the amounts set forth by FirstMerit in its statement of material facts are accurate. In addition, even if Defendants had not made such an admission, Defendants fail to point to sufficient evidence to create a genuinely disputed issue of material fact as to the fees in question. In their response to the instant motion, Defendants rely solely upon the Smith Declaration. (Ans. 2). FirstMerit correctly points out that the conclusory statements provided by Smith in the Smith Declaration concerning certain fees are not supported by any references to admissible evidence. Smith merely states that "[i]f called as a witness," he "would competently testify" that certain fees "are not a correct charge nor charged by" FirstMerit. (Smith Decl. 1). Were Defendants to offer nothing more than those conclusory statements at trial, a reasonable jury could not find for Defendants. Smith does not even explain in his declaration why he believes each fee was improper. The Seventh Circuit has made clear that "conclusory statements, not grounded in specific facts, are not sufficient to avoid summary judgment," and that Federal Rule of Civil Procedure 56 "demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of truth of the matter asserted." *Lucas v. Chicago Transit Authority*, 367 F.3d 714, 726 (7th Cir. 2004)(internal quotation omitted)(quoting in part *Drake v.*

*Minnesota Min. & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998)); *see also Trinity Homes LLC v. Ohio Cas. Ins. Co.*, 629 F.3d 653, 659-60 (7th Cir. 2010)(indicating that a personal opinion could suffice, but only if based on the declarant's personal knowledge and if provided with "sufficient detail to" support the opinion); *Abioye v. Sundstrand Corp.*, 164 F.3d 364, 368 (7th Cir. 1998)(stating that "none of the conclusory statements made by the affiants demonstrated, with sufficient particularity," the facts put forth by the affiants); *Miranda v. Wisconsin Power & Light Co.*, 91 F.3d 1011, 1018 (7th Cir. 1996)(stating that "[c]onclusory and generalized assertions are not sufficient to survive a motion for summary judgment"). Thus, the conclusory statements by Smith in his declaration are not sufficient to create a genuinely disputed issue of fact and defeat FirstMerit's motion for summary judgment.

There is ample documentary evidence that contradicts the statements included in the Smith Declaration. FirstMerit also correctly points out that it served interrogatories on Smith during discovery, which would have required him to present such facts relating to the fees at that juncture, and that Smith failed to present such facts during discovery. It is improper for Smith to present such facts for the first time after the conclusion of discovery in this case. Therefore, based on the above, FirstMerit's motion for summary judgment is granted in its entirety.

## CONCLUSION

Based on the foregoing analysis, FirstMerit's motion for summary judgment is granted. Judgment is entered in favor of FirstMerit and against Timothy T. Balin, Gilbert Balin, and Jonathan Smith in the amount of $425,016.33, plus attorneys' fees, costs, and $116.51 in interest per day from June 12, 2012, to the date of judgment. As to attorneys' fees and costs, FirstMerit is given until September 18, 2012, to provide the court FirstMerit's requested amounts. Defendants are given until September 25, 2012 to respond. The status hearing set for October 18, 2012 stands.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 11, 2012